UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


VALENTINO BERNARD LEE,

                    Petitioner,

v.                                      Case No. 3:15-cv-112-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.
_____

## ORDER

### I. Status

     Petitioner Valentino Bernard Lee, an inmate of the Florida
penal system, initiated this action on January 29, 2015, pursuant
to the mailbox rule, by filing a pro se Petition for Writ of Habeas
Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition,
Lee challenges a 2011 state court (Duval County, Florida) judgment
of conviction for burglary of a structure or conveyance.
Respondents have submitted a memorandum in opposition to the
Petition. See Respondents' Answer to Petition for Writ of Habeas
Corpus (Response; Doc. 10) with exhibits (Resp. Ex.). On May 1,
2015, the Court entered an Order to Show Cause and Notice to
Petitioner (Doc. 6), admonishing Lee regarding his obligations and
giving Lee a time frame in which to submit a reply. Lee submitted
briefs in reply. See Petitioner's Answer (Doc. 12); Amended Answer
(Doc. 13). This case is ripe for review.

## II. Procedural History

On July 29, 2010, the State of Florida charged Lee with burglary of a structure or conveyance (count one). <u>See</u> Resp. Ex. 3, Amended Information. On April 27, 2011, Lee entered a guilty plea to the burglary charge. <u>See</u> Resp. Exs. 5; 6, Transcript of the Plea Proceeding (Plea Tr.). In handwritten letters addressed to the trial court, <u>see</u> Resp. Exs. 7; 9A; 9B, Lee expressed his desire to withdraw his plea and obtain additional discovery. With the benefit of conflict counsel, Lee filed a motion to withdraw his guilty plea pursuant to Florida Rule of Criminal Procedure 3.170(f) on June 27, 2011. <u>See</u> Resp. Ex. 8. The court held an evidentiary hearing on August 3, 2011. <u>See</u> Resp. Ex. 10, Transcript of the Evidentiary Hearing (EH Tr.). On August 11, 2011, the court denied his motions to withdraw the plea. <u>See</u> Resp. Ex. 12. Lee submitted another handwritten letter to the court on August 29, 2011. <u>See</u> Resp. Ex. 13. On August 30, 2011, the court sentenced Lee to a term of imprisonment of ten years. <u>See</u> Resp. Exs. 14, Transcript of the Sentencing Hearing (Sentencing Tr.) at 11-12; 16, Judgment.

On direct appeal, Lee, with the benefit of counsel, filed an initial brief, arguing that the trial judge abused her discretion when she denied Lee's motions to withdraw his plea. <u>See</u> Resp. Ex. 18. The State filed an answer brief. <u>See</u> Resp. Ex. 19. On August 23, 2012, the appellate court affirmed Lee's conviction and sentence per curiam, <u>see</u> <u>Lee v. State</u>, 103 So.3d 149 (Fla. 1st DCA

2012); Resp. Ex. 20, and the mandate issued on January 10, 2013, <u>see</u> Resp. Ex. 20.

Lee filed pro se motions for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motions) on November 30, 2012, <u>see</u> Resp. Ex. 21, March 1, 2013, <u>see</u> Resp. Ex. 22, and August 1, 2013, <u>see</u> Resp. Ex. 23. In his Rule 3.850 motions, Lee asserted that counsel (Scott D. Leemis) was ineffective because he failed to file a motion to dismiss and a motion to conduct an adversary preliminary hearing (ground six). He also stated that the court promised to sentence him to no more than ten years of imprisonment for both cases (the instant case, 2010-CF-739, and his other case, 2010-CF-3684).[1] On December 16, 2013, the court denied his Rule 3.850 motions. <u>See</u> Resp. Ex. 24. On appeal, Lee filed a pro se initial brief, <u>see</u> Resp. Ex. 26, and the State filed its notice that it did not intend to file an answer brief, <u>see</u> Resp. Ex. 27. On May 23, 2014, the appellate court affirmed the court's denial of post-conviction relief per curiam, <u>see</u> <u>Lee v. State</u>, 141 So.3d 185 (Fla. 1st DCA 2014); Resp. Ex. 28,

---

[1] Lee asserted that counsel was ineffective in case number 2010-CF-3684 because he failed to: interview and depose Gussie Lee, a key exculpatory witness (ground one); retrieve and investigate the victim's phone records (ground three), and cell phone messages that the victim left on Lee's cell phone (ground two); file a motion to dismiss and a motion to conduct an adversary preliminary hearing (ground four); and conduct a reasonable pretrial investigation (ground five).

and later denied Lee's motion for rehearing, <u>see</u> Resp. Ex. 29. The mandate issued on July 23, 2014. <u>See</u> Resp. Ex. 28.

During the pendency of the post-conviction proceedings, on May 10, 2013, Lee filed a pro se petition for writ of habeas corpus. <u>See</u> Resp. Ex. 30. In the petition, Lee asserted that the State failed to establish probable cause for his arrest and committed manifest error because the State failed to file an information within twenty-one days of his arrest; he also stated that his plea was not voluntary. The circuit court denied the petition on January 16, 2014. <u>See</u> Resp. Ex. 31. On appeal, Lee filed a pro se initial brief, <u>see</u> Resp. Ex. 33, and the State filed its notice that it did not intend to file an answer brief, <u>see</u> Resp. Ex. 34. On May 1, 2014, the appellate court affirmed the court's denial of post-conviction relief per curiam, <u>see</u> <u>Lee v. State</u>, 139 So.3d 304 (Fla. 1st DCA 2014); Resp. Ex. 35, and later denied Lee's motion for rehearing, <u>see</u> Resp. Ex. 36. The mandate issued on June 25, 2014. <u>See</u> Resp. Ex. 35. On August 13, 2014, Lee filed a pro se notice to invoke discretionary jurisdiction. <u>See</u> Resp. Ex. 37. The Florida Supreme Court dismissed the petition for lack of jurisdiction on August 26, 2014. <u>See</u> Resp. Ex. 38.

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. <u>See</u> 28 U.S.C. § 2244(d).

## IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S.Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Lee's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct.

1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" <u>Id.</u> (quoting <u>Greene v. Fisher</u>, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" <u>Id.</u> (quoting <u>Hill v. Humphrey</u>, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. <u>See</u> <u>Wilson v. Warden, Ga. Diagnostic Prison</u>, 834 F.3d 1227, 1235 (11th Cir. 2016) (en banc), <u>cert</u>. <u>granted</u>, 137 S.Ct. 1203 (2017); <u>Marshall v. Sec'y, Fla. Dep't of Corr.</u>, 828 F.3d 1277, 1285 (11th Cir. 2016). Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Harrington v. Richter</u>, 562 U.S. 86, 99 (2011) (citation omitted); <u>see also</u> <u>Johnson v. Williams</u>, 568 U.S. 289, 301 (2013).[2] Thus, the state court need not issue an opinion explaining its rationale in

---

[2] The presumption is rebuttable and "may be overcome when there is reason to think some other explanation for the state court's decision is more likely." <u>Richter</u>, 562 U.S. at 99-100; <u>see also</u> <u>Johnson</u>, 133 S.Ct. at 1096-97. However, "the <u>Richter</u> presumption is a strong one that may be rebutted only in unusual circumstances . . . ." <u>Johnson</u>, 568 U.S. at 302.

order for the state court's decision to qualify as an adjudication on the merits. See Richter, 562 U.S. at 100.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. As the Eleventh Circuit has explained:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable

> determination of the facts in light of the
> evidence presented in the State court
> proceeding." 28 U.S.C. § 2254(d)(2). The
> Supreme Court has not yet defined §
> 2254(d)(2)'s "precise relationship" to §
> 2254(e)(1), which imposes a burden on the
> petitioner to rebut the state court's factual
> findings "by clear and convincing evidence."
> See Burt v. Titlow, 571 U.S. ---, ---, 134 S.
> Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord
> Brumfield v. Cain, 576 U.S. ---, ---, 135 S.
> Ct. 2269, 2282, 192 L.Ed.2d 356 (2015).
> Whatever that "precise relationship" may be,
> "'a state-court factual determination is not
> unreasonable merely because the federal habeas
> court would have reached a different
> conclusion in the first instance.'"[3] Titlow,
> 571 U.S. at ---, 134 S. Ct. at 15 (quoting
> Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct.
> 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert.

denied, 137 S.Ct. 2298 (2017); see also Daniel v. Comm'r, Ala.

Dep't of Corr., 822 F.3d 1248, 1259 (11th Cir. 2016). Also,

deferential review under § 2254(d) generally is limited to the

record that was before the state court that adjudicated the claim

on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011)

(stating the language in § 2254(d)(1)'s "requires an examination of

the state-court decision at the time it was made"); Landers v.

Warden, Att'y Gen. of Ala., 776 F.3d 1288, 1295 (11th Cir. 2015)

(regarding § 2254(d)(2)).

---

[3] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S.Ct. 1103 (2017).

Where the state court's adjudication on the merits is "'unaccompanied by an explanation,' a petitioner's burden under section 2254(d) is to 'show[] there was no reasonable basis for the state court to deny relief.'" <u>Wilson</u>, 834 F.3d at 1235 (quoting <u>Richter</u>, 562 U.S. at 98). Thus, "a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." <u>Richter</u>, 562 U.S. at 102; <u>see also</u> <u>Wilson</u>, 834 F.3d at 1235. To determine which theories could have supported the state appellate court's decision, the federal habeas court may look to a state trial court's previous opinion as one example of a reasonable application of law or determination of fact. <u>Wilson</u>, 834 F.3d at 1239; <u>see</u> <u>Butts v. GDCP Warden</u>, 850 F.3d 1201, 1204 (11th Cir. 2017), <u>petition</u> <u>for</u> <u>cert</u>. <u>filed</u>, No. 17-512 (Sept. 29, 2017).[4] However, in <u>Wilson</u>, the en banc Eleventh Circuit stated that the federal habeas court is not limited to assessing the reasoning of the lower court. 834 F.3d at 1239. As such,

> even when the opinion of a lower state court contains flawed reasoning, [AEDPA] requires that [the federal court] give the last state court to adjudicate the prisoner's claim on

_____

[4] Although the United States Supreme Court has granted Wilson's petition for certiorari, the "en banc decision in <u>Wilson</u> remains the law of the [Eleventh Circuit] unless and until the Supreme Court overrules it." <u>Butts</u>, 850 F.3d at 1205 n.2.

the merits "the benefit of the doubt,"
<u>Renico</u>,[5] 559 U.S. at 773, 130 S.Ct. 1855
(quoting <u>Visciotti</u>,[6] 537 U.S. at 24, 123
S.Ct. 357), and presume that it "follow[ed]
the law," <u>Donald</u>,[7] 135 S.Ct. at 1376 (quoting
<u>Visciotti</u>, 537 U.S. at 24, 123 S.Ct. 357).

<u>Id.</u> at 1238.

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." <u>Burt v. Titlow</u>, 134 S.Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" <u>Tharpe</u>, 834 F.3d at 1338 (quoting <u>Richter</u>, 562 U.S. at 102-03). "This standard is 'meant to be' a difficult one to meet." <u>Rimmer v. Sec'y, Fla. Dep't of Corr.</u>, 864 F.3d 1261, 1274 (11th Cir. 2017) (quoting <u>Richter</u>, 562 U.S. at 102). Thus, to the extent that Lee's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

## B. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a

---

[5] <u>Renico v. Lett</u>, 559 U.S. 766 (2010).

[6] <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2002).

[7] <u>Woods v. Donald</u>, 135 U.S. 1372 (2015).

defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. <u>Id.</u>, at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u>, at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[8] A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>, at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had

---

[8] In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>see Lynch v. Sec'y, Fla. Dep't of Corr.</u>, 776 F.3d 1209, 1218 (11th Cir. 2015) (citation omitted) (stating that, to succeed on a claim that counsel was ineffective because he advised petitioner to plead guilty, petitioner "must prove that: (1) counsel's advice was deficient; and (2) 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'"), <u>cert</u>. <u>denied</u>, 136 S.Ct. 798 (2016).

> some conceivable effect on the outcome of the
> proceeding." <u>Id.</u>, at 693, 104 S.Ct. 2052.
> Counsel's errors must be "so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable." <u>Id.</u>, at 687, 104
> S.Ct. 2052.

<u>Richter</u>, 562 U.S. at 104. The Eleventh Circuit has recognized "the

absence of any iron-clad rule requiring a court to tackle one prong

of the <u>Strickland</u> test before the other." <u>Ward v. Hall</u>, 592 F.3d

1144, 1163 (11th Cir. 2010). Since both prongs of the two-part

<u>Strickland</u> test must be satisfied to show a Sixth Amendment

violation, "a court need not address the performance prong if the

petitioner cannot meet the prejudice prong, and vice-versa." <u>Id.</u>

(citing <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000)).

As stated in <u>Strickland</u>: "If it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient

prejudice, which we expect will often be so, that course should be

followed." <u>Strickland</u>, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is

accorded great deference.

> "[T]he standard for judging counsel's
> representation is a most deferential one."
> <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788. But
> "[e]stablishing that a state court's
> application of <u>Strickland</u> was unreasonable
> under § 2254(d) is all the more difficult. The
> standards created by <u>Strickland</u> and § 2254(d)
> are both highly deferential, and when the two
> apply in tandem, review is doubly so." <u>Id.</u>
> (citations and quotation marks omitted). "The
> question is not whether a federal court
> believes the state court's determination under
> the <u>Strickland</u> standard was incorrect but

> whether that determination was unreasonable - a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard," then a federal court may not disturb a state-court decision denying the claim. <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788.

<u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1248 (11th Cir. 2014), <u>cert</u>. <u>denied</u>, 135 S.Ct. 2126 (2015); <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009). "In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Lee asserts that he involuntarily and unintelligently entered his guilty plea.[9] <u>See</u> Petition at 5. He states:

---

[9] Lee's claim is not an ineffective-assistance-of-counsel claim under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> Petition at 5-7; Response at 22 n.8.

Petitioner was charged in two separate cases. In the first case,[10] which is not at issue here, he was charged with armed burglary with assault or battery, possession of a firearm by a convicted felon, and aggravated assault with a deadly weapon. In the second case, the one at bar, Petitioner was charged with burglary of a structure or conveyance. On 4/27/11 Petitioner pleaded guilty to all counts in both cases. At the time of entering his pleas, Petitioner had not been permitted to review discovery materials, did not have time to fully consult with counsel, and was relying on defense counsel's representations in deciding to enter his pleas. As a result, Petitioner entered his [plea without fully understanding[11]] the significance of his plea, or the available alternatives. If Petitioner would have been properly advised by defense counsel as to available defenses, that he was pleading to all offenses, or that he would receive such a harsh sentence as a habitual offender, he would not have entered pleas of guilty but instead [would have] insisted on proceeding to trial.

Id. at 5-6. Lee raised this claim in his pro se and counseled motions to withdraw the plea, see Resp. Exs. 7; 8, and the trial court held an evidentiary hearing on the issue, see EH Tr., at which Lee and Leemis (Lee's counsel who represented him at the time

_____

[10] Lee entered a plea of guilty in Duval County circuit court case number 2010-CF-3684 to armed burglary with assault or battery upon Cassandra Mae Bennett (count one), possession of a firearm by a convicted felon (count two), and aggravated assault of Charles Augustus Smith with a deadly weapon (count three). See Resp. Ex. 39; Plea Tr. at 4-5; Sentencing Tr. at 5, 12. In a separate action pending before this court, he seeks federal habeas relief from the judgment of conviction and sentence in that case. See Case No. 3:15-cv-113-J-34JBT.

[11] See Resp. Ex. 8 at 2, ¶ 8.

of the plea) testified. The trial court denied the motions, stating

in pertinent part:

> This cause came on to be heard on August 3, 2011 on Defendant's Pro-Se Motion to Withdraw Plea of Guilty filed on June 6, 2011 by Defendant and his conflict-free counsel's Motion to Withdraw Plea of Guilty filed on June 27, 2011. Prior to the hearing, the Court reviewed both Motions and found many of Defendant's assertions were refuted by the record (Defendant's Plea of Guilty form and the transcript of Defendant's Plea Colloquy from April 27, 2011).[12] The Court found the hearing would be limited to those issues not clearly and conclusively refuted by the record: that Defendant had not received discovery; that Defendant was misled and misinformed as to the facts surrounding his case; and, that Defendant was unable to adequately review the documents in his case.[13]
>
> The Court having reviewed both motions, having heard the testimony of Scott Leemis,[14] Esquire who represented Defendant at the time of his plea, and for fifteen (15) months prior to his plea and the testimony of the Defendant,[15] having observed the demeanor of the witnesses and evaluated their credibility and relied upon those observations and evaluations in determining the facts of this case, having reviewed the Plea of Guilty form and the Plea Colloquy, having heard the arguments of counsel,[16] having reviewed the relevant rules, statutes and case law, and being fully advised in the premises finds:

---

[12] See EH Tr. at 11-26.

[13] See EH Tr. at 21-23, 25.

[14] See EH Tr at 27-37.

[15] See EH Tr. at 38-62.

[16] See EH Tr. at 63-70.

> Defendant's plea was knowingly and
> voluntarily made with a full understanding of
> the consequences of his plea, Defendant had
> adequate time to consult with counsel,
> Defendant was aware of the charges to which he
> was pleading guilty, Defendant was not misled
> or misinformed as to the charges and facts
> surrounding his case and Defendant was not
> manipulated into pleading to all charges.
> Further, there was no good cause shown by
> Defendant.

Resp. Ex. 12 at 1-2. On appeal, Lee argued that the trial judge
abused her discretion when she denied Lee's motion to withdraw his
plea; see Resp. Ex. 18; the State filed an answer brief, see Resp.
Ex. 19; and the appellate court affirmed Lee's conviction and
sentence per curiam, see Lee, 103 So.3d 149; Resp. Ex. 20.

In its appellate brief, the State addressed the claim on the
merits, see Resp. Ex. 19 at 13-19, and therefore, the appellate
court may have affirmed Lee's conviction based on the State's
argument. If the appellate court addressed the merits, the state
court's adjudication of this claim is entitled to deference under
AEDPA. After a review of the record and the applicable law, the
Court concludes that the state court's adjudication of this claim
was not contrary to clearly established federal law and did not
involve an unreasonable application of clearly established federal
law. Nor was the state court's adjudication based on an
unreasonable determination of the facts in light of the evidence
presented in the state court proceedings. Accordingly, Lee is not
entitled to relief on the basis of this claim.

Moreover, even assuming the state appellate court's adjudication of the claim is not entitled to deference, Lee's claim, nevertheless, is without merit. In the instant case, Lee signed the Plea of Guilty form, <u>see</u> Resp. Ex. 5, and acknowledged at the April 27, 2011 plea hearing that counsel had reviewed the form with him and answered his questions, <u>see</u> Plea Tr. at 9. The following colloquy ensued.

> THE COURT: Okay. Mr Lee, your attorney has indicated you wish to enter a plea of guilty today in Case No. 2010-739 to the charge of burglary to a structure or conveyance; is that correct?
>
> THE DEFENDANT: Yes, ma'am.
>
> . . . .
>
> THE COURT: Is that what you wish to do, to enter pleas of guilty?[17]
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: On the burglary to the structure or conveyance in Case No. 2010-739, as an habitual offender, the maximum penalty you would be looking at would be ten years in prison. That is a third-degree felony.
>
> In Case No. 2010-3684, the state has agreed to withdraw ....
>
> [PROSECUTOR]: Actually, I don't think we ever even filed the PRR [(prison releasee reoffender)] notice.
>
> THE COURT: Okay, would not file, sorry, the prison releasee reoffender notice, which

---

[17] As previously noted, Lee also entered a plea of guilty in case number 2010-CF-3684 to three charges.

would subject you to mandatory time. However, on count 1, an armed burglary with assault or battery, that is a first-degree felony punishable by life in prison --

[PROSECUTOR]: That's correct, Your Honor.

THE COURT: -- and as an habitual offender, of course, you would face life in prison.

Count 2, possession of a firearm by convicted felon is a second-degree felony. You would face the maximum penalty of 30 years in prison. And is there a minimum mandatory?

[PROSECUTOR]: There is, Your Honor, three years.

THE COURT: And there is a three-year minimum mandatory on that charge.

And on count 3, aggravated assault with a deadly weapon, that is a third-degree felony. You would face the maximum penalty of ten years in prison with a three-year minimum mandatory. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you also understand there is no agreement other than the fact that the state has agreed not to file the prison releasee reoffender notice, there is no other agreement as to what your sentence will be? I will order a presentence investigation report and pass your case approximately 30 days to get that report. And at sentencing both you and your attorney as well as the state can present whatever evidence and witnesses you wish the Court to consider to formulate an appropriate sentence. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: And no one has promised you a specific sentence; is that correct?

THE DEFENDANT: No, ma'am.

. . . .

THE COURT: Has anyone threatened you, coerced you, or made you any promises?

THE DEFENDANT: No, ma'am.

. . . .

THE COURT: By entering a plea of guilty in each case, you are acknowledging that you are in fact guilty of all four charges; is that correct?

THE DEFENDANT: Yes, ma'am.

. . . .

THE COURT: And did Mr. Leemis go over the plea forms with you?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did he answer all of the questions that you had?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any other questions that you need to ask your attorney or the Court?

THE DEFENDANT: Not at this time.

. . . .

THE COURT: Okay. But are you fully satisfied with your attorney's representation?

THE DEFENDANT: Yes, ma'am.

THE COURT: Can you recite a brief factual basis for each case.

. . . .

[PROSECUTOR]: ... The second case, section -- excuse me, clerk No. 16-2010-CF-00739, Your Honor, the state is prepared to prove that this defendant along with the codefendant, Justin Vogelsong went into a wood yard owned by Simpco Wood and stole a large aluminum fuel tank. The yard was enclosed with a fence and had numerous small buildings and sheds on the premises. He then loaded the tank into a vehicle and drove that vehicle down a bike path, and witnesses caught up to the defendants at a stoplight and they agreed to actually take the tank back to the scene, contrary to Section 810.02[(4)], Florida Statutes.[18]

THE COURT: Any legal exceptions or objections to the factual basis?

[DEFENSE COUNSEL]: No, Your Honor.

THE COURT: I do find there is a factual basis for the entry of your pleas and that they are freely and voluntarily entered with a full understanding of the nature and consequences of your pleas. I will accept your pleas.

---

[18] Florida Statutes section 810.02(4) provides:

Burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:

(a) Structure, and there is not another person in the structure at the time the offender enters or remains; or

(b) Conveyance, and there is not another person in the conveyance at the time the offender enters or remains.

Plea Tr. at 4-11.

The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences" surrounding the plea. Brady v. United States, 397 U.S. 742, 748 (1970) (footnote omitted).

The United States Supreme Court has determined that "the representations of the defendant ... [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The Court stated:

> Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.

Lee v. United States, 137 S.Ct 1958, 1967 (2017). Moreover, "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands

the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991).

Lee acknowledged that he understood the burglary charge against him in case number 2010-CF-739, the constitutional rights he was forfeiting, that he was not pleading guilty because of any coercion, threats, or promises, and that he was guilty of the crime. After observing Lee and assessing his credibility at the plea hearing, the trial court accepted his guilty plea as voluntarily and intelligently made, and not the result of any force, threat, coercion, or promise. The record supports the trial court's decision. Thus, Lee is not entitled to federal habeas relief on ground one.

## B. Ground Two

As ground two, Lee asserts that counsel was ineffective because he failed to file a motion pursuant to Florida Rule of Criminal Procedure 3.133. See Petition at 8. He states:

> The trial court was without subject matter jurisdiction where charging document [was] not filed within time limitations prescribed by state law.
>
> The Petitioner was arrested on this case on January 19, 2010. No information or indictment was filed until 40 day[s] after his arrest. Under Florida law[,] the Petitioner was to have been released on his own recognizance when no charging document was filed within the time limitations set forth by

Florida Rule of Criminal Procedure 3.133. This rule, however[,] was not self executing and required that the defense attorney so move the court. Defense counsel neglected to do so. Since there can be no strategic or tactical reason why counsel failed to effect Petitioner's release, it is apparent on the face of the record that Petitioner was not being represented by effective counsel. It is Petitioner's contention that it was at that point in time that the court was divested of jurisdiction to proceed until such time when Petitioner was being represented by competent counsel, as guaranteed by the Sixth Amendment. The record, however, reflects no such indication. Because the trial court was without jurisdiction[,] the present judgment of conviction must be vacated and set aside.

Id. at 8-9. He raised the ineffectiveness claim in his Rule 3.850 motion in state court. See Resp. Ex. 22 at 24-25. The post-conviction court ultimately denied the Rule 3.850 motion with respect to the claim, stating in pertinent part:

Grounds Four and Six of Defendant's March 7, 2013 Motion assert that in case numbers 2010-CF-00739 and 2010-CF-03684, respectively, counsel was ineffective for failing to file a motion to conduct an adversary preliminary hearing pursuant to Florida Rule of Criminal Procedure 3.133(b)(1)[19] and/or a motion to dismiss pursuant to Section 907.045, Florida

---

[19] Florida Rule of Criminal Procedure 3.133(b)(1) provides:

A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding.

Statutes. Defendant maintains that counsel's failure to make such motions in his cases constitutes ineffective assistance of counsel because the State did not file an information or indictment against Defendant for more than twenty-one (21) days following his arrest. However, this Court finds that since Defendant cannot establish that counsel's performance prejudiced his defense, this claim is without merit. See Strickland, 466 U.S. at 687.

A motion for an adversary preliminary hearing is governed by Florida Rule of Criminal Procedure 3.133(b). Under that Rule, a defendant who is not charged by an information or indictment within 21 days from the date of arrest shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. If the adversary preliminary hearing finds that probable cause exists to believe that an offense has been committed, section (b)(5) provides that the defendant is to be held to answer in the circuit court. In the event that probable cause is not established at the hearing, the defendant is "released on recognizance" subject to the condition that the defendant appear at all proceedings. Fla. R. Crim. Proc. 3.133(b)(5). Such release does not void further prosecution by information or indictment. Id.

Thus, in the instant case, even if defense counsel had moved for an adversary preliminary hearing and a finding of no probable cause was made, Defendant would not have been entitled to a dismissal of the charges. Instead, Defendant would simply have been released on his own recognizance until such time that he was held to answer for the charges in court. See White v. State, 62 So.3d 1156, 1157 (Fla. 3d DCA 2011); Fla. R. Crim. P. 3.l33(b)(5); State v. Brooks, 388 So.2d 1291 (Fla. 3d DCA 1980). Defendant did not establish that the result of his proceedings would have been different if a finding of no probable cause was even made. Therefore, Defendant has failed to show the necessary

prejudice to prevail on this claim. <u>Strickland</u>, 466 U.S. at 687.

Defendant's claim of ineffective counsel based on counsel's failure to file a motion to dismiss pursuant to Section 907.045, Florida Statutes, is without merit because Defendant similarly fails to show the necessary prejudice. Pursuant to section 907.045, Florida Statutes, a defendant who is in custody may move to dismiss the indictment, information or affidavit and a defendant who has been confined for thirty (30) days after his or her arrest without a trial shall be allowed a preliminary hearing upon application. § 907.045, Fla. Stat. However, the "procedure of hearing a case preliminarily is not a step in due process of law, is not a prerequisite to a criminal prosecution for the filing of an indictment. It serves only to determine whether or not probable cause exists to hold a person for trial ... and a prosecution may be instituted and maintained regardless of such an investigation." <u>Evans v. State</u>, 197 So. 2d 323 (Fla. 3d DCA 1967) (citing <u>Baugus v. State</u>, 141 So.2d 264, 267 (Fla. 1962)). In this case, Defendant has failed to show that the outcome of his proceedings would have been different and, therefore, the necessary prejudice in order to prevail on this claim. <u>Strickland</u>, 466 U.S. at 687.

Resp. Ex. 24 at 12-13. The appellate court affirmed the court's denial of post-conviction relief per curiam, and later denied Lee's motion for rehearing.

To the extent that the state appellate court affirmed the trial court's denial on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's

25

adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Lee is not entitled to relief on the basis of the claim.

Moreover, even if the state appellate court's adjudication of the claim is not entitled to deference, Lee's claim is nevertheless without merit. Assuming arguendo deficient performance by defense counsel, Lee has not shown any resulting prejudice. He has not shown a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. At the plea hearing, Lee acknowledged that he pled guilty because he was in fact guilty of the charge. Additionally, the State's evidence against him was substantial, and the court found that there was a factual basis for the plea. Accordingly, Lee is not entitled to federal habeas relief on the ineffectiveness claim in ground two.

Insofar as Lee asserts that the trial court lacked subject matter jurisdiction because the State failed to file an information within twenty-one days of his arrest, the claim is without merit. The purpose of a federal habeas proceeding is to review the lawfulness of Lee's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United

States. <u>See</u> 28 U.S.C. § 2254.[20] The claim presents an issue purely of state law not cognizable on federal habeas review. Undoubtedly, the trial court had subject matter jurisdiction over Lee's case since the Information charged him with burglary of a structure or conveyance, a felony, in violation of Florida Statutes section 810.02(4). Lee's conviction and sentence do not violate the Constitution or laws or treaties of the United States. Therefore, Lee is not entitled to federal habeas relief on ground two.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Lee seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Lee "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement

---

[20] Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.

to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.   If Lee appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any

motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.     The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of November, 2017.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

sc 11/21
c:
Valentino Bernard Lee, FDOC #833559
Counsel of Record